ERVIN, Judge.
Appellant appeals his conviction for violation of Section 810.02, Florida Statutes (1987), burglary of a dwelling, and Section 812.014, Florida Statutes (1987), grand theft, both allegedly committed on January 1, 1988. Appellant raises five points on appeal, one of which merits discussion and requires reversal.
On the morning of trial, appellant made a motion in limine to exclude evidence regarding appellant’s incarceration on the day of the offense. Specifically, appellant requested that the state not be allowed to introduce records of the Jacksonville Work Release Center, which showed that appellant had signed out of the center on furlough on the day of the incident and indicated that his destination was Live Oak, where the incident occurred. The court denied the motion, and the records were introduced into evidence, along with the testimony of the custodian of the records.
Section 90.403, Florida Statutes (1987), provides: “Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice....” In this case, any probative value of appellant’s furlough records was outweighed by the prejudicial effect of presenting to the jury the fact that appellant was a convicted prisoner on furlough. Furthermore, appellant’s presence in Live Oak on the day of the crime could have been established by other nonprejudicial means.
Although the state argues that it was not appellant’s status as an inmate that was significant, but rather his confinement to a certain place (prison), which necessitated the involvement of other people (his wife and her friend) in the concealment of the weapon (buried near the prison) after he stole it while on furlough; nevertheless, its prejudicial effect was too great. Furthermore, because the prejudicial evidence was introduced during the state’s case-in-chief, it was not cumulative. We cannot say that there is no reasonable possibility that the admission of this testimony contributed to defendant’s conviction. *278 State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986).
Therefore, defendant’s conviction is REVERSED and the cause REMANDED for a new trial.
ZEHMER, J., concurs.
WENTWORTH, J., dissents without written opinion.