PATTERSON, Judge.
The appellant challenges his judgment and sentence for armed robbery. We find merit in his argument that the prosecutor’s references to his prior crimes were highly prejudicial and denied him a fair trial. Since we reverse on this issue, we need not address his remaining points on appeal.
*635 The victim of the robbery testified at trial that the robber was wearing dark glasses. Part of the appellant’s defense was that he had his tinted glasses bleached at the mall the week before the robbery occurred. In an attempt to impeach the appellant’s testimony concerning his activities the week before the robbery, the prosecutor asked, “You couldn’t have gone to the mall on January 3 and had your tint taken out of your glasses, could you?” The appellant responded that he could not remember the exact date he was at the mall. The prosecutor then asked, “Did you appear in court as an inmate in jail clothes for violation of probation for burglary and petit theft on January 4?” The defense objected and the trial court overruled the objection. The prosecutor continued this line of questioning and later, during closing argument, stated that he saw the appellant in jail on January 3.
The prosecutor’s cross-examination of the appellant concerning his court appearance lacked probative value and was so prejudicial as to deny the appellant a fair trial. See Palmer v. State, 548 So.2d 277 (Fla. 1st DCA 1989). Evidence of an unrelated crime was irrelevant to the instant offense and served only to taint the appellant’s character in the eyes of the jury. See Straight v. State, 397 So.2d 903 (Fla.), cert. denied, 454 U.S. 1022, 102 S.Ct. 556, 70 L.Ed.2d 418 (1981). In addition, the prosecutor’s assertions in closing argument that he saw the appellant in jail was impermissible unsworn testimony which added to the prejudice at trial.
The state argues that the impeachment was proper under section 90.608(l)(e), Florida Statutes (1989), which allows the credibility of a witness to be attacked by evidence which contradicts a material fact stated by the witness. However, the appellant stated that he did not know what date he was at the mall and, therefore, he had no testimony on the subject to contradict. Further, the prosecutor’s statement concerning the appellant’s whereabouts was not admissible evidence.
Since the state failed to show that the prejudicial comments did not contribute to the verdict, State v. DiGuilio, 491 So.2d 1129 (Fla.1986), we reverse the appellant’s judgment and sentence and remand for a new trial.
Reversed and remanded.
LEHAN, C.J., and PARKER, J., concur.