PER CURIAM.
Gerardo Arroyo-Munoz (“Arroyo-Munoz”) appeals his convictions for vehicular homicide and culpable negligence. Although Arroyo-Munoz raises several issues on appeal, we find only one with merit. Arroyo-Munoz argues the trial court erred by allowing the prosecutor to give unsworn testimony during, cross-examination of a defense witness. We agree that the trial court abused its discretion, reverse Arroyo-Munoz’s convictions, and remand this case for a new trial.
On August 16, 1997, while driving a white Camaro, Arroyo-Munoz attempted to pass a black pickup truck on a two-lane highway. Victor Benitez rode in the passenger seat of the Camaro. When Arroyo-Munoz attempted to return to his proper lane, he lost control of the Camaro. The Camaro veered back into oncoming traffic, causing a multiple-car accident that resulted in the death of two persons.
The State presented witnesses who testified that Arroyo-Munoz did not have enough room to make the pass, and that oncoming traffic had to take evasive action as Arroyo-Munoz completed the pass. In contrast, Arroyo-Munoz testified that the black pickup truck caused the accident. He said the truck sped up as he tried to make the pass and hit the rear bumper of his Camaro as he completed the pass.
Benitez testified that the black pickup truck sped up when Arroyo-Munoz tried to pass, and he heard a cracking noise when the Camaro moved back into its original lane. The black pickup did not stay after the accident occurred and could not be located afterwards. There was no other testimony that the pickup struck the Camaro.
The State called Benitez during its case in chief for the limited purpose of identifying Arroyo-Munoz as the driver of the Camaro. While testifying for the State, Benitez appeared in a work shirt with another person’s name on it. Arroyo-Mu *537 noz also called Benitez to testify during the defense’s case in chief.
On cross-examination, the prosecutor asked Benitez where he was employed. The prosecutor inquired, “Could you explain to me-I called Kimmins Construction, I’ve checked with payroll, I’ve checked with the head foreman, and they have no records of a Victor Benitez working there?” Arroyo-Munoz objected to the question and requested a mistrial or a curative instruction. The trial court overruled the objection, denied the motion for mistrial, and denied the request for a curative instruction. Benitez then admitted that his real name was Ernesto Hernandez.
Later, the prosecutor asked Benitez why his blood alcohol content was .10 at the hospital after the accident. Arguing that no evidence before the jury supported the question, Arroyo-Munoz objected to the question and once again moved for a mistrial. Again, the trial court overruled Arroyo-Munoz’s objection and denied the request for a mistrial. Benitez then admitted that he had been drinking on the night of the accident.
The jury found Arroyo-Munoz guilty as charged and this appeal followed. Citing Pacifico v. State, 642 So.2d 1178 (Fla. 1st DCA 1994), Arroyo-Munoz argues that the trial court erred by allowing the prosecutor to comment on facts not in evidence. We agree. Although testimony about a false identity and intoxication were relevant to Benitez’s credibility, a prosecutor may not give unsworn testimony regarding facts outside the record. See, e.g., Cantero v. State, 612 So.2d 634 (Fla. 2d DCA 1993).
This error became particularly egregious when the prosecutor, during closing arguments, urged that the jury should not believe Benitez because he withheld his true name. Since Benitez was the sole witness the defense presented to corroborate Arroyo-Munoz’s testimony, and the State failed to show that the prejudicial comments did not contribute to the verdict, we reverse Arroyo-Munoz’s conviction and sentence and remand for a new trial. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Reversed and remanded for new trial.
BLUE, A.C.J., and FULMER and DAVIS, JJ., Concur.